BURKS, &c.
vs
HOWARD.

---

DEBT.

Case 32.

## Burks, &c. *vs* Howard.

ERROR TO THE GREEN CIRCUIT.

*Assignment. Pleas and pleading. Affidavit.*

September 29.

JUDGE MARSHALL delivered the Opinion of the Court.

The case stated.

IN an action of debt brought by Howard as assignee of a note payable to Joseph Nevill & Co., the declaration sets forth the assignment with the names of Joseph Nevill and three others, subscribed as assignors, and avers that they are the Joseph Nevill & Co. mentioned in the body of the instrument. To this declaration the defendants offered to file, without oath, a plea stating simply that ''the plaintiffs assignors are not the obligees in the instrument of writing sued on.'' And this plea having been rejected, the propriety of its rejection presents the only· ·question now to be determined.

A note executed to J. N. & ·Co. and purporting to be assigned to plaintiff by J. N. and three others, should be taken to be *prima facia* assigned by the original payees; in such case a plea denying ''that the plaintiffs assignors are

The plaintiff being the holder of a note payable to Joseph Nevill & Co., with a formal assignment to him, signed by Joseph Nevill and three others, we think he should be regarded *prima facia* as the proper assignee of the note, and his right as such, if denied at all, must be denied by plea. The plea, construed strictly, might be true, and yet the note might be effectually assigned; for if Joseph Nevill and one only of the other assignors constituted the firm of Joseph Nevill & Co., the note would

be effectually assigned, and yet the plaintiffs assignors, four in number, would not be the obligees. Taken in this sense, the plea amounts to nothing, and its rejection could not be complained of. Rejecting this interpretation, it is still uncertain whether the plea means to assert that all of the obligees did not assign the note, or that none of them did assign it, or whether it asserts that other persons than the obligees have put their own names to the assignment, or have put the names of the obligees or some of them to it, without their authority.

If the plea be not understood as asserting some one or all of these latter propositions, it is no denial of the plaintiff's title, and was properly rejected as containing no answer to the declaration, and no defence to the action. If it be understood as asserting either or all of them, it is essentially and substantially a plea denying the assignment. Indeed, if the first interpretation which the plea does not deny the assignment and is, therefore, no plea, be rejected, it is nothing more than an indirect and awkward assertion that the obligees never assigned the note to the plaintiff, or that the note never was assigned to the plaintiff. In its most favorable signification, it is precisely as comprehensive in its present form as it would have been in either of the forms just stated, and the issue upon it would have embraced any and all facts which might tend to show that the assignment appearing on the note did or did not pass the title. If, therefore, a plea denying in terms that the note ever was assigned, must be sworn to, this plea, if otherwise sufficient, should have been sworn to, and was properly rejected for want of an oath.

But the 7th section of the act of 1812, "to amend the law of civil proceedings," (*Stat. Law*, 152,) declares that in a suit upon a bond by an assignee, the plaintiff shall not be required to make proof of the assignment, unless the defendant shall annex to his plea denying such assignment, an affidavit stating his belief that such assignment was forged, or make oath to the same effect in open Court, &c.

It has been already seen that this plea is good only as a plea denying the assignment; and according to our in-

BURKS, &c.
*vs*
HOWARD.

the original obligees in the instrument of writing sued on," is equivocal and properly rejected.

A plea to an action by one as assignee, on a note purporting to be assigned, denying the assignment, must be sworn to.

terpretation of the section referred to, it cannot, as such a plea, have the effect of requiring proof of the assignment, that is, it cannot have any effect at all, unless accompanied by oath. It is contended, however, that the form of the oath prescribed, shows that the statute did not intend to require any plea to be sworn to except one which denies the assignment by charging that it was forged, and that this plea makes no such charge. But this plea does charge forgery, as much as it charges any other fact which would show that the assignors are not the obligees, and as much as forgery would be charged by the simple assertion that the note never was assigned to the plaintiff, or that the obligees had never assigned it to him. The plea, in its present form, would certainly be supported by proof of forgery, and although it might be supported by other facts, it is by no means certain that it was not intended to charge forgery.

Besides, if the form of the oath which the statute prescribes is alone to be considered in determining what plea is to be sworn to, it would seem rather to follow from a proper construction of the entire section, that the plaintiff could not be required to make proof of the assignment, unless it was denied by a plea containing the charge required to be sworn to, than that he could be required to make such proof by a plea denying the assignment in any other form and unsupported by oath or affidavit; for according to the letter of the statute, the only condition on which the plaintiff can be required to prove the assignment, is that the defendant shall annex to the plea denying it, the affidavit or oath prescribed. And as a plea denying the assignment, but which would not require proof would be a nullity, it would follow, on this construction of the statute, that no denial of the assignment would be effectual unless accompanied by the particular oath prescribed.

But although the Legislature seems to have contemplated forgery as the only ground of denying the assignment, and therefore prescribed an oath affirming that charge, yet as there are other facts besides forgery which would show that there was no assignment, and other modes of denying the assignment which do not involve a

charge of forgery; and as it cannot be presumed that in such cases the benefit of such a defence was intended to be taken from the defendant, we think the particular oath prescribed should be understood merely as an example applicable to the particular form or ground of denial actually in contemplation—and that the object of the entire section was to dispense with proof of the assignment, unless it was denied by plea under oath; from which it follows that any plea which would require proof of the assignment, if issue were taken on it, must be sworn to before the plaintiff can be compelled to take issue; and according to the practice in such cases, such plea, unless sworn to, may and should be rejected as a nullity.

. According to this view, which as we believe conforms to the general practice of the Circuit Courts under this statute, the plea waiving all intrinsic objections to it in this case, was properly rejected.

Wherefore, the judgment is affirmed.

*Owsley* for plaintiffs; *Cates and Lindsey* for defendant.

tially denying the assignment and sworn to, is all the statute of 1812 contemplated.